**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
MANUEL C. JONES,                    :
                                    :  Civil Action No. 15-3267 (RMB)
            Petitioner,             :
                                    :
       v.                           :          **OPINION**
                                    :
J.T. SHARTLE, WARDEN                :
                                    :
            Respondent.             :
_____ :

**BUMB**, District Judge

    This matter comes before the Court upon Petitioner's submission of a petition under 28 U.S.C. § 2241 (ECF No. 1); Petitioner's supplemental materials (ECF No. 6); Respondent's Answer to the petition (ECF No. 7); and Petitioner's Reply (ECF No. 9). For the reasons discussed below, the habeas petition will be denied.

I.    BACKGROUND

    Petitioner is a federal inmate confined at the Federal Correctional Institution in Fairton, New Jersey ("FCI-Fairton") (ECF No. 1 at 1.) On February 23, 1995, in the District of Columbia, Petitioner was sentenced to a prison term of eighteen years after pleading guilty to assault with intent to kill. (Id. at 2, ¶4.) Petitioner was paroled on May 10, 2012, and ordered

to remain under parole supervision until April 16, 2016. (ECF No. 7 at 4; Certificate of Sharon Gervasoni ("Gervasoni Cert.") Ex. 2, ECF No. 7-2 at 19.)

On September 19, 2013, Petitioner was arrested for assault with significant bodily injury, to which he pled guilty in the D.C. Superior Court. (ECF No. 1 at 10, ¶¶4-5.) Petitioner's supervising parole officer filed a violation report against Petitioner on October 15, 2013. (Id. at 11.) The U.S. Parole Commission issued a warrant on October 23, 2013, including charges for (1) using dangerous and habit-forming drugs; (2) failing to submit to drug testing; (3) failing to report to his supervising officer as directed; and (4) "Law Violation [-] Assault with Significant Bodily Injury. (ECF No. 1 at 10, ¶2; ECF No. 7 at 7; Gervasoni Cert., Ex. 4, ECF No. 7-2 at 24-25.) The warrant was lodged as a detainer. (Id.)

On January 14, 2014, Petitioner was sentenced by the District of Columbia Superior Court to a term of 18 months imprisonment, and 3 years supervised release for the 2013 assault. (ECF No. 1 at 11, ¶7; ECF No. 7 at 5.) On January 7, 2015, Petitioner completed his 18-month sentence, and the U.S. Parole Commission's warrant was executed at FCI-Fairton. (Id.; Gervasoni Cert., Ex. 4, ECF No. 7-2 at 25.)

On January 26, 2015, after finding probable cause that he violated conditions of his parole by committing the 2013

2

assault, the Parole Commission offered Petitioner a proposal for expedited revocation. (ECF No. 7 at 5-6; Gervasoni Cert., Ex. 6, ECF No. 7-2 at 28-32.) The proposal Petitioner accepted two days later states:

> Revoke parole; None of the time spent on parole shall be credited. Continue to Expiration. This will require you to serve [] approximately 27 months to your estimated release date of 4/16/2016. Your actual release date will be calculated by the Bureau of Prisons.
>
> You have a credit of 4 months toward your guidelines for time served before the warrant was executed. With the 27 months, to serve from your arrest to your estimated release date of 04/16/2016 you will serve 31 months toward your guidelines of 100-148 months.
>
> A decision below the guidelines is required because your mandatory release date limits the time you will serve to less than the bottom of the guideline range. After review of all factors and information presented, a decision further below the guideline range is not found warranted.

(ECF No. 7 at 6; Gervasoni Cert., Ex. 7 at 1, ECF No. 7-2 at 33.) The Parole Commission issued a Notice of Action regarding the expedited revocation on February 19, 2015. (Id., Gervasoni Cert., Ex. 8, ECF No. 7-2 at 34.)

When the Federal Bureau of Prisons calculated petitioner's sentence, it began the sentence on January 7, 2015, the day Petitioner finished serving his 2013 sentence and the parole

warrant was executed. (ECF No. 1 at 12, ¶12.) Petitioner contends that he should have been given credit for the state sentence he just served. (Id.) Instead, in its computation, Petitioner asserts the Federal Bureau of Prisons added two years and nine months to his full term expiration date of April 16, 2016, extending his sentence to December 13, 2018. (Id.) Petitioner contends the Parole Commission should have reduced his 27 month set-off by 18 months, leaving him 9 months to serve, pursuant to 28 C.F.R. § 2.21(c). (Id.)

In his supplemental materials, Petitioner alleged "the U.S. Parole Commission reneged on its previous expedited offer stating in its 2/19/2015 order that his estimated date of release was 4/16/2016." (ECF No. 6 at 3.) The Parole Commission voided Petitioner's February 19, 2015 Notice of Action and scheduled a parole revocation hearing. (Id.) At the parole revocation hearing on June 5, 2015, the parole examiner "extended the petitioner's set-off range as to conform to the erroneously calculated sentence computation calculated by the Federal Bureau of Prisons." (Id.)

Respondent filed an answer to the habeas petition. (ECF No. 7.) Respondent contends that when the Parole Commission offered Petitioner an expedited revocation, although it estimated his release date would be 4/16/2016, they informed him that his "actual release date [would] be calculated by the Bureau of

4

Prisons." (Id. at 2-3; Certificate of Sharon Gervasoni, Ex. 6 at 5, ECF No. 7-2 at 32.) The Parole Commission did not correctly calculate Petitioner's estimated release date when it drafted the January 26, 2015 proposal. (ECF No. 7 at 6.) When the Parole Commission learned of the discrepancy between the estimated release date and the Bureau of Prison's calculation of the release date, it concluded that Petitioner's waiver of his revocation hearing was not knowing and voluntary, and it conducted a revocation hearing on June 4, 2015. (Id. at 3.)

The Parole Commission, in a Notice of Action dated May 28, 2015, voided the February 19, 2015 Notice of Action because "it resulted from an expedited revocation proposal that contained a material error in regard to the projected time to serve. . ." (ECF No. 7 at 7; Gervasoni Cert., Ex. 9, ECF No. 7-2 at 37.) As a result of the June 4, 2015 revocation hearing, Respondent asserts the Commission ordered that Petitioner remain in custody until the expiration of his 1995 sentence, "the same result it had earlier offered petitioner in the expedited revocation offer." (ECF No. 7 at 8; Gervasoni Cert., Ex. 10, ECF No. 7-2 at 38-40.) According to the BOP's computation of Petitioner's sentence, his release date is in December 2018. (Id.)

II. DISCUSSION

    A. Exhaustion

Respondent contends Petitioner failed to exhaust his administrative remedies on his claim that the Parole Commission violated his rights by voiding the expedited revocation and revoking parole after the hearing. Respondent also asserts Petitioner's claims fail on the merits.

In Reply, Petitioner contends the exhaustion requirement does not apply in this case because the May 28, 2015 Notice of Action stated the "decision is not appealable." (ECF No. 9 at 1.) Petitioner also argues that a prisoner need not exhaust administrative remedies when the primary issue is statutory construction, citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981). Petitioner states his sole contention is that he should have been given sentencing credit under the terms of the expedited offer, pursuant to 28 C.F.R. § 2.21(c).

A prisoner must ordinarily exhaust administrative remedies prior to challenging a parole decision in a habeas petition under 28 U.S.C. § 2241. Warwick v. Miner, 257 F. App'x 475, 476 (3d Cir. 2007) (citing Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996.))  A D.C. offender may appeal a parole revocation decision to the Commission's National Appeals Board. See 28 C.F.R. § 2.105(g). Failure to exhaust administrative remedies creates a procedural default barring a § 2241 habeas petition absent a showing of cause and actual prejudice to excuse the default. Moscato, 98 F.3d at 761-62. The

6

exhaustion requirement, however, may be excused when exhaustion would be futile. See Gambino v. Morris, 134 F.3d 156, 171 (3d. Cir. 1998).

The Third Circuit Court of Appeals does not apply the exhaustion requirement to § 2241 where its application would not serve any of the basic goals of the exhaustion doctrine. Bradshaw, 682 F.2d at 1052 (citing U.S. ex rel. Marrero v. Warden, Lewisburg Penitentiary, 483 F.2d 656, 659 (3d Cir. 1973) reversed on other grounds 417 U.S. 653 (1974)). The goals of the exhaustion doctrine are (1) facilitating judicial review by allowing the agency to develop a factual record and apply its expertise, (2) conservation of judicial time if the agency grants the relief sought, and (3) giving an agency the opportunity to correct its own errors. Id. (citing Marrero 482 F.2d at 659). If the only issue is statutory construction, and the Respondent has consistently opposed the petitioner's contention regarding the statutory construction, then the goals of the exhaustion doctrine are inapplicable. Id.

This Court finds that the same reasoning applies to exhaustion of Petitioner's regulatory interpretation claim; there is no factual record to develop, and the Parole Commission has opposed Petitioner's purely legal contention regarding the regulation. Accepting Petitioner's statement that his sole contention is that he should have been given sentencing credit

7

pursuant to 28 C.F.R. § 2.21(c) (ECF No. 9 at 1-2), the Court finds that exhaustion of administrative remedies would not serve any of the goals of the exhaustion doctrine, particularly because Petitioner's regulatory claim is without merit.

B.   Credit for Time Spent In Custody on 2013 Conviction

A habeas petition under 28 U.S.C. § 2241 is the proper vehicle for a prisoner to challenge the execution of his sentence, including parole decisions by the United States Parole Commission. U.S. v. Kennedy, 851 F.2d 689, 690 (3d Cir. 1988) (citing United States v. Ferri, 686 F.2d 147, 158 (3d Cir. 1982), cert. denied, 459 U.S. 1211 (1983)). Habeas relief is available when a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court's standard of review over a Parole Commission's decision is whether there is a rational basis in the record for the Commission's conclusions. Furnari v. Warden, 218 F.3d 250, 254 (3d Cir. 2000).

Petitioner contends he is entitled to sentencing credit for his 2013 conviction and sentence against his 1995 conviction, pursuant to 28 C.F.R. § 2.21(c).[1] He is wrong. Section 2.21

---

[1] In his Reply, Petitioner argued:

> "That, the petitioner's date of expiration of his sentence was April 16, 2016, when he was released from prison on May 9, 2012.

8

applies to a reparole term, which is different from the length of time which remains to be served on the original sentence as a result of the parole violation. Staege v. U.S. Parole Comm'n, 671 F.2d 266, 269 (8th Cir. 1982) ("there is a distinction between the credit given in applying the reparole guidelines and the credit given in calculating the extent of the violator term (i.e., the balance of the defendant's federal sentence."))

When an offender commits a new crime while on parole, the Parole Commission may issue a warrant for the apprehension and return of the offender to custody. 28 C.F.R. § 2.44(a)(2). If the Parole Commission decides to revoke parole, it must decide when the offender is eligible for reparole based on the sentence for his new conviction. See 28 C.F.R. § 2.81. 28 C.F.R. § 2.21 governs reparole decisions for D.C. Code Parole violators.

28 C.F.R. § 2.47(e) explains:

> (e)(1) A parole violator whose parole is revoked shall be given credit for all time in federal, state, or local confinement on a new offense for purposes of satisfaction of the reparole guidelines at § 2.20 and § 2.21.

---

> Thus, any date past the expiration of the April 16, 2016 date was erroneous because it would be illegal to extend a lawfully imposed sentence by any one other than the court which initially sentenced petitioner in 1995."

ECF No. 9 at 4.

>(2) However, it shall be the policy of the Commission that the revoked parolee's original sentence (which due to the new conviction, stopped running upon his last release from federal confinement on parole) again start to run only upon release from the confinement portion of the new sentence or the date of reparole granted pursuant of these rules, whichever comes first. This subsection does not apply to cases where, by law, the running of the original sentence is not interrupted by a new conviction (e.g., YCA; NARA; Mexican or Canadian treaty cases).

28 C.F.R. § 2.52(C)(2) provides,[2] in relevant part:

---

[2] See also 28 C.F.R. § 2.105(d)(2)(i) ("[t]he Commission shall forfeit credit for the period of parole if the parolee is convicted of a crime committed during a period of parole . . . that is punishable by a term of imprisonment of more than one year.")

Furthermore, 28 U.S.C. § 2.100(d)(2) provides that:

>A parole violator whose parole is revoked shall be given credit for all time in confinement resulting from any new offense or violation that is considered by the Commission as a basis for revocation, but solely for the limited purpose of satisfying the time ranges in the reparole guidelines at § 2.81. The computation of the prisoner's sentence, and forfeiture of time on parole pursuant to D.C. Code 24-406(c), is not affected by such guideline credit.

D.C. Code 24-406(c) states:

>(c)(1) Except as provided in paragraphs (2) and (3) of this subsection, a parolee shall receive credit toward completion of the sentence for all time served on parole.

> (c) A parolee whose release is revoked by the Commission will receive credit on service of his sentence for time spent under supervision, except as provided below:
>
>> (2) It is the Commission's interpretation of 18 U.S.C. 4210(b)(2) that, if a parolee has been convicted of a new offense committed subsequent to his release on parole, which is punishable by any term of imprisonment, detention, or incarceration in any penal facility, forfeiture of time from the date of such release to the date of execution of the warrant is an automatic statutory penalty, and such time shall not be credited to the service of the sentence. An actual term of confinement or imprisonment need not have been imposed for such conviction; it suffices that the statute under which the parolee was convicted permits the trial court to impose any term of confinement or imprisonment in any penal facility . . .

In Smith v. U.S. Parole Com'n, a prisoner challenged the Parole Commission's refusal to credit time he spent on parole toward satisfaction of his original sentence. 563 F. App'x 99, 102 (3d Cir. 2014) (per curiam). Smith received a parole revocation hearing after he committed a new offense while on parole from his earlier conviction, a bank robbery. Id. at 100-

---

> (2) If a parolee is convicted of a crime committed during a period of parole, the Commission:
>
>> (A) Shall order that the parolee not receive credit for that period of parole if the crime is punishable by a term of imprisonment of more than one year; or . . .

11

01. As occurred in this case, the hearing examiner recommended that Smith not receive credit toward his sentence for his earlier bank robbery for any of the time he spent on parole (which included the time between his parole date until the execution of the Commission's warrant). Id. at 101. Smith contended that his original 1982 sentence had expired when he was reparoled in August 2003. Id.

The Third Circuit held that Smith was not entitled to habeas relief because his reparole date was not the same as the date when his 1982 sentence expired. Id. at 102. The forfeiture provision of 28 C.F.R. § 2.52(c)(2) applied to calculation of Smith's original sentence, and he was not entitled to credit against his 1982 sentence from the date of his release on parole to the date of execution of the Commission's warrant. Id. The same is true for Petitioner here. Section 2.21(a) does not operate in the manner suggested by Petitioner; it does not apply to the computation of the original sentence.

III. CERTIFICATE OF APPEALABILITY

"[P]risoners serving District of Columbia (D.C.) Code offenses must obtain a certificate of appealability (COA) to appeal denial of their habeas petitions." Wilson v. U.S. Parole Com'n, 652 F.3d 348, 352 (3d Cir. 2011). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). No certificate of appealability will issue because petitioner has not met this standard.

IV. CONCLUSION

In the accompanying Order filed herewith, Petitioner's habeas petition will be denied because the Parole Commission had a rational basis to rescind the January 2015 expedited revocation proposal, and a rational basis for its decision, upon the June 5, 2015 parole revocation hearing, that Petitioner is not entitled to credit against his 1995 sentence for the time served on his 2013 sentence.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

Dated: December 9, 2015